IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DARREN LAMEAR,

               Plaintiff,                      No 3:13-cv-01319-AC

       v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

               Defendant.                ORDER


HERNÁNDEZ, District Judge:

      Magistrate Judge Acosta issued a Findings and Recommendation [15] on September 15,

2014, in which he recommends that this Court affirm the Commissioner's decision to deny

Disability Insurance Benefits to Plaintiff Darren Lamear. The matter is now before me pursuant

to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

      Plaintiff filed timely objections to the Magistrate Judge's Findings & Recommendation.

When any party objects to any portion of the Magistrate Judge's Findings & Recommendation,

the district court must make a *de novo* determination of that portion of the Magistrate Judge's

1 – ORDER

report.  28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Plaintiff raises the following objections to the Findings and Recommendation: (1) the Administrative Law Judge (ALJ) erred by rejecting the opinion of treating physician Thomas Starbard, M.D.; and 2) the ALJ failed to reconcile a conflict between the Vocational Expert (VE) testimony and the Dictionary of Occupational Titles (DOT). I have carefully considered Plaintiff's objections and conclude there is no basis to modify the Findings & Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation. However, I provide additional explanation regarding Plaintiff's second issue below.

 Plaintiff argues that the ALJ erred by failing to reconcile a conflict between the VE testimony and the DOT. Specifically, Plaintiff argues that the ALJ's step five findings are not supported by substantial evidence because the ALJ did not ask the VE about the discrepancy between Plaintiff's manipulative limitations and the manipulative requirements of the occupations listed by the VE.

The ALJ assessed Plaintiff's residual functional capacity and found that, among other limitations, Plaintiff can only occasionally reach overhead with his left upper extremity or handle, finger, and feel with his left hand. Tr. 20-21. The ALJ posed a hypothetical to the VE that included the limitation that the Plaintiff can only occasionally handle, finger, and reach with his left hand. Tr. 20-21, 48-50. The VE identified three representative jobs that Plaintiff could perform based on the ALJ's hypothetical—office helper, mail clerk, and parking lot cashier—that the DOT states require "frequent" handling, fingering, and reaching. <u>See</u> Selected Characteristics of Occupations ("SCO"), Part A., at 07.07.03 (office helper), 07.05.04 (mail

2 – ORDER

clerk), 07.03.01 (parking lot cashier). The DOT does not specify whether workers in those jobs must use one or both hands to frequently handle, finger, and reach.

The issue, therefore, is whether a limitation on handling, fingering, and reaching with one hand conflicts with a DOT job description requiring frequent handling, fingering, and reaching generally. If a conflict exists, then the ALJ in this case erred by not asking the VE about the conflict between Plaintiff's manipulative limitations and the manipulative requirements of the occupations listed by the VE. See Social Security Ruling 00-4p (If "there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict."); see also Massachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). If no conflict exists, then any failure of the ALJ to inquire of the VE whether his testimony was consistent with the DOT was harmless error. See Rounds v. Comm'r, 3:12-cv-00342-MA, 2013 WL 1767880 at * 11 (D. Or. April 24, 2013); see also SSR 00-4p, at *2.

The Ninth Circuit has not ruled on this issue. However, every other court in this District that has addressed a similar case has concluded that there is no conflict. Chief Judge Aiken recently held that "while some courts have held that a limitation on overhead reaching with one arm conflicts with a DOT job description requiring reaching generally, this District has held that no such conflict exists." Gonzales v. Colvin, No. 3:12-cv-01068-AA, 2013 WL 3199656, at *4 ((D. Or. June 19, 2013). Judge Simon explained in another case that "courts are divided on the question of whether . . . 'reaching,' 'handling,' or 'fingering' in the DOT requires the ability to use both arms or hands, and there is no controlling precedent." Lee v. Astrue, No. 6:12-cv-00084-SI, 2013 WL 1296071, *11 (D. Or. Mar. 28, 2013).  Judge Simon made clear that he would not attempt to "resolve this division or state a general rule." Id. Instead, he held that the facts of Lee did not present a "direct conflict" between the DOT and the VE's testimony because

3 – ORDER

in order for the Court to find a conflict, it would have to read into the DOT's description to find a requirement of reaching with both arms. Id.

The Court follows the reasoning of Judges Aiken and Simon and finds that, in this case, there is no conflict between Plaintiff's manipulative limitations and the DOT job descriptions. However, the Court recognizes that other district courts, including several within the Ninth Circuit, have reached the opposite conclusion. See, e.g., Marquez v. Astrue, No. CV-11-339-TUC-JGZ-DTF, 2012 WL 3011778 , *3-4 (D. Ariz. May 2, 2012); Meyer v. Astrue, 2010 WL 3943519, *9 (E.D. Cal. Oct. 1, 2010); Marshall v. Astrue, No. 08CV1735-L(WMC), 2010 WL 841252, at *6 (S.D. Cal. Mar. 10, 2010). Ultimately, this is an issue for the Ninth Circuit Court of Appeals to resolve.

CONCLUSION

The Court ADOPTS Magistrate Judge Acosta's Findings & Recommendation [15], and therefore, the Commissioner's final decision is affirmed.

IT IS SO ORDERED.

DATED this ____1____ day of ____Dec.____, 2014.


MARCO A. HERNANDEZ
United States District Judge